# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1044 | **DATE** | 12/5/2011 |
| **CASE TITLE** | Jammie Sheppard vs. Village of Glendale Heights | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Village of Glendale Heights' Motion to Dismiss Counts II, IV and VI of Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6)" [21] is granted. Counts II and IV are dismissed with prejudice and Count VI is dismissed without prejudice. The Village's answer to Counts I, III, and V is due on or before 1/6/2012. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 1/13/2012. This case is set for a report on status and entry of a scheduling order on 1/19/2012 at 9:00 a.m. The parties are encouraged to discuss settlement and report on the status of their settlement discussion at 9:00 a.m. on 1/19/2012.

■[ For further details see text below.]                                                           Docketing to mail notices.

## STATEMENT

      On July 1, 2011, plaintiff Jammie Sheppard ("Sheppard"), filed a "First Amended Complaint" against her former employer, Village of Glendale Heights ("the Village"), alleging sex discrimination (Count I), sexual harassment (Count II), race discrimination (Count III), racial harassment (Count IV), and retaliation (Count V) under Title VII of the Civil Rights Act of 1964, and a *Monell* claim under 42 U.S.C. § 1983 (Count VI). (Dkt. No. 19 ("1st Am. Compl.").)

      On July 26, 2011, the Village filed the "Village of Glendale Heights' Motion to Dismiss Counts II, IV and VI of Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6)." (Dkt. No. 21 ("Motion").) The Village contends that Sheppard's claims for sexual harassment and racial harassment should be dismissed because they are not "like or reasonably related" to Sheppard's EEOC charge of discrimination. (Dkt. No. 22 ("Mem.") at 5-7.) Additionally, the Village argues that Sheppard failed to allege sufficient facts to support a *Monell* claim under §1983 against a municipality such as the Village. In response, Sheppard contends that the court is not permitted to inquire into the scope of an administrative charge on a motion to dismiss, and therefore should deny the Village's motion to dismiss Counts II and IV. Alternatively, Sheppard argues that her discrimination charge did encompass her claims for sexual and racial harassment, and she maintains that Count VI meets the pleading requirements to state a §1983 Monell claim.

      When reviewing the merits of a motion to dismiss, the court must accept the factual allegations set forth in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). The relevant facts as alleged in Sheppard's First Amended Complaint are stated below.

The Village is a municipal corporation duly organized under the laws of the state of Illinois. (1st Am. Compl. ¶ 3.) The Village hired Sheppard on or about June 12, 2008, as a probationary police officer. (*Id.* ¶ 15.) Sheppard was the first African-American female to work as a police officer for the Village. (*Id.* ¶ 17.) During the course of her employment, Sheppard was subjected to "vulgar and abusive jokes and references to [her] sexual anatomy, . . . [and] inappropriate comments and questions regarding [her] personal life and her relationship with her husband." (*Id.* ¶ 32.) Sheppard was also subjected to "abusive language and commentary regarding her natural hair [and] abusive language and commentary about her speech patterns being too black." (*Id.* ¶ 53.) Sheppard experienced "stated and demonstrated different standards for performance . . . as a black female" and "false documentation of statements allegedly made by [Sheppard]." (*Id.* ¶¶ 32, 53.) On December 10, 2009, the Village terminated Sheppard. (*Id.* ¶ 18.) Although the Village claims to have terminated Sheppard due to her poor performance, other male and non-African American employees of the Village "were given more leniency and fewer reprimands and punishment for similar behavior, and were not terminated." (*Id.* ¶¶ 21, 42, 72.) The Village's decision to terminate Sheppard's employment was "in part motivated by [the Village's] intent to retaliate against [Sheppard] for asserting her statutorily protected rights," when, among other things, Sheppard complained in writing to the Village's Chief of Police, Deputy Chief, Patrol Operations Commander, Support Operations Commander, and Human Resources Manager on November 11, 2009. (*Id.* ¶¶ 63, 66.)

On December 17, 2009, Sheppard filed charge number 440-2010-02130 with the EEOC asserting that the Village was "discriminating against her on the basis of her sex, female, and her race, black, and retaliating against her for asserting her rights under the law." (*Id.* ¶ 9.) Specifically, Sheppard stated:

> I was hired by [the Village] on or about June 12, 2008. My most recent position was Patrol Officer. During my employment, I was subjected to harassment and different terms and conditions of employment including but not limited to being scrutinized more closely about time cards, investigative reports, and sick leave, while similarly situated non-female, non-black employees were not. Also, my probation was not extended. During my employment, I have been subjected to discipline. During my employment, I complained to [the Village] and subsequently I was discharged.
>
> I believe I have been discriminated against because of my sex, female, and my race, Black, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Sheppard Ex. A.) Sheppard attached a copy of the charge to her complaint.[1] (1st Am. Compl. ¶ 9.) On November 15, 2010, Sheppard received the EEOC's dismissal of her charge and a Notice of Rights. (*Id.* ¶ 12.) Sheppard then timely filed her Original Complaint in this court on February 14, 2011.

---

[1.] In her First Amended Complaint, Sheppard states that "[a] copy of that Charge of Discrimination is attached hereto as Exhibit A." (1st Am. Compl. ¶ 9.) In an apparent mistake, Sheppard did not actually file any exhibits along with her First Amended Complaint. Sheppard's initial complaint, (Dkt. No. 1 ("Original Compl.")), likewise referenced Charge Number 440-2010-02130 as an attached "Exhibit A" and did, in fact, include an Exhibit A. The Exhibit A attached to Sheppard's Original Complaint ("Sheppard Ex. A") matches Sheppard's description of her EEOC charge in both her Original Complaint and her First Amended Complaint in every respect *except for* the assigned charge number. Because neither party disputes that Exhibit A to Sheppard's Original Complaint is the relevant EEOC charge in this case, the court bases its analysis of the Village's motion on this exhibit.

First, contrary to Sheppard's argument, *Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985), does not stand for the proposition that it is improper to consider the scope of an administrative charge on a motion to dismiss. In *Babrocky*, the Seventh Circuit addressed the question "whether the requirement that the allegations in a complaint be encompassed within the corresponding EEOC charge relates to subject matter jurisdiction or whether it is more in the nature of a condition precedent." *Id.* at 863. In concluding that the charge requirement "is in the nature of a condition precedent," the Seventh Circuit observed that an "inquiry into the scope of the charge always entails an inquiry beyond the face of the complaint into the legal characterizations that surround the barebones of the factual allegations contained in the charge." *Id.* This statement, however, was made in the context of reviewing a district court's decision on summary judgment to dismiss the plaintiffs' claims for lack of subject matter jurisdiction. The court in *Babrocky* did not address whether a scope-of-the-charge inquiry could be resolved on a motion to dismiss.

Similarly, the case of *Alexander v. Casino Queen, Inc.*, No. 10-CV-908-WDS, 2011 WL 2712741 (S.D. Ill. Jul. 13, 2011) (Stiehl, J.), is distinguishable from the case pending before this court. In *Alexander*, the defendant submitted several exhibits outside of the pleadings in support of its motion to dismiss. Relying on *Babrocky*, the court in *Alexander* noted that "inquiring into [the plaintiffs'] EEOC charges would require the Court to consider matters outside the pleadings," which the court declined to do. *Id.* at *5-6. Here, the court need not consider matters outside of the complaint to address the Village's motion to dismiss. Sheppard attached both the administrative charge and the EEOC's dismissal to her complaint. (*See* Original Compl., Sheppard Ex. A & Ex. B.) On a motion to dismiss, the court "consider[s] documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Therefore, this issue is properly before the court on the Village's motion to dismiss. *Accord Smith v. CNA Fin. Corp.*, No. 10 C 4505, 2011 WL 1557871, at * 7 n. 5 (N.D. Ill. Apr. 25, 2011) (Chang, J.); *McQueen v. City of Chicago*, No. 09 C 2048, 2011 WL 1113192, at *7 (N.D. Ill Mar. 23, 2011) (Feinerman, J.); *Leskovec v. Circuit Works Corp.*, No. 08 C 4846, 2008 WL 5236006, at *2 (N.D. Ill Dec. 15, 2008) (Kocoras, J.) ("Although failure to exhaust administrative remedies is an affirmative defense, when a plaintiff pleads facts showing that his claim is barred by that defense, it is appropriate to address it in the context of a motion to dismiss.").

A Title VII plaintiff cannot file claims in court that were not included in her administrative charge. *Cheek v. Western & Soutern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Although a plaintiff is not required to allege in an EEOC charge each and every fact that forms the basis of her claim, the claim set forth in a complaint must be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). The reason for this rule is to prevent plaintiffs from circumventing "the EEOC's investigatory and conciliatory role, as well as depriv[ing] the charged party of notice of the charge . . . ." *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996) (quoting *Babrocky*, 773 F.2d at 863).

"[A]n employer may discriminate on the basis of sex in numerous ways." *Cheek*, 31 F.3d at 501. Therefore, an administrative charge of sex discrimination and a claim of sex discrimination in a complaint are not alike or reasonably related simply because both assert forms of sex discrimination. *Id.* At a minimum, the administrative charge and the claim must "describe the *same conduct* and implicate the *same individuals*." *Id.* (emphasis in original). Further, "a claim of sexual harassment cannot [ordinarily] be reasonably inferred from allegations in an EEOC charge of sexual discrimination." *Id.* at 503.

Sheppard's sexual harassment claims and racial harassment claims are not alike or reasonably related to her EEOC charge of discrimination. Sheppard's sexual harassment claim alleges that the Village subjected her to "vulgar and abusive jokes and references to [her] sexual anatomy, . . . [and] inappropriate comments and questions regarding Ms. Sheppard's personal life and her relationship with her husband." (1st Am. Compl. ¶ 32.) Sheppard's racial harassment claim alleges that the Village subjected her to "abusive language and

commentary regarding her natural hair, [and] abusive language and commentary about her speech patterns being too black." (*Id.* ¶ 53.) Both of these claims are allegations that the Village created a hostile work environment. However, Sheppard's EEOC charge alleged only that she "was subjected to harassment and different terms and conditions of employment including but not limited to being scrutinized more closely about time cards, investigative vs reports, and sick leave, while similarly situated non-female, non-black employees were not." (Sheppard Ex. A.) Although Sheppard used the term "harassment" in her EEOC charge, the factual allegations supporting her charge point only to conduct amounting to unequal treatment on the basis of her sex and race. Allegations of unequal treatment are different than allegations of a hostile work environment. *See Cheek*, 31 F.3d at 504 ("[t]he EEOC defines sexual harassment as '[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature . . . [when] such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'") (quoting 29 C.F.R. § 1604.11(a)) (alterations in original). As in *Cheek*, where the court found that a claim of sexual harassment could not reasonably be inferred from the plaintiff's allegation in her EEOC charge that her manager treated her in a "hostile, inferior, unprofessional manner," *id.*, Sheppard's use of the term "harassment" does not, without more, suggest a sexual harassment claim. Counts II and IV of Sheppard's complaint are therefore dismissed with prejudice for failure to exhaust EEOC remedies.

The court also finds that Sheppard has not pleaded sufficient facts to support a *Monell* claim under § 1983. Federal Rule of Civil Procedure 8(a)(2) does not require a plaintiff to make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007). However, it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

A municipality cannot be held liable under § 1983 on a respondeat superior theory. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality is only liable under § 1983 where there is "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law'; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (quoting *Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 734 (7th Cir. 1994)); *see also Monell*, 436 U.S. at 690-91.

Sheppard's *Monell* claim does not meet the minimum standards of notice pleading. Here, Sheppard merely alleged that the Village discriminated against her on the basis of her sex and race, and that the sexually and racially discriminatory actions of the Village "were undertaken pursuant to wide-spread practice at the Village of Glendale Heights which was so permanent and well-settled as to constitute custom or practice." (1st Am. Compl. ¶¶ 76-77.) Such a conclusory allegation does little more than recite the second theory of liability under *Monell*. It does not include a factual basis to describe with any particularity the discriminatory practices that Sheppard alleges. To be sure, "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient . . . . The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." *McTigue*, 60 F.3d at 382-83 (quoting *Baxter by Baxter*, 26 F.3d at 736). Because Sheppard has failed to plead sufficient facts to support her claim for liability under *Monell*, Count VI is dismissed without prejudice.

*James F. Holderman*

| | Courtroom Deputy | A.M.M. |
|---|---|---|